Brewster, J.
(dissenting). I dissent and vote for an affirmance of the decree áppealed from. The only question presented is one of fact. It concerns appellant’s parentage. Her proofs established a prima facie case that she is the child and lawful issue of Peter Peterson and his wife, Joanna, both now long dead. Whether her lineage as so established has been overcome by respondent’s proofs is the particular question.
Appellant’s prima facie case in the main, if not entirely, consists of evidence, which is undisputed, that she was reared in the Peterson family from a very early age, and in general that she was treated and held out, both interfamily and to the public, as one of its members. Opposed is the respondent’s proof: (1) That at only a few days after birth, she was seen in bed with a young unmarried woman in the latter’s home a considerable distance from the Peterson residence; (2) that shortly thereafter she was taken to another home in another town and nurtured and reared there until two years of age at which time she was brought to and received into the Peterson home; (3) that Joanna Peterson was about fifty years old when appellant was horn, and that she declared she was not the mother of appellant; (4) that in 1942, when a sister of the intestate died intestate, appellant made no claim and did not appear as a distributee. It is notable that of the various census records taken during appellant’s stay in the Peterson household, only one is shown to report her as child of the Petersons. To me the foregoing was properly held to have overcome the prima facie case. The nature of the question and the long lapse of time doubtless affords some explanation for the fragmentary character and lack of a satisfying decisiveness *573 which are features common to the proofs of each of the parties. Appellant, though considerably younger than respondent’s witnesses, made as many fumbles in her memory of important dates as they did. The Surrogate who held and heard the trial was in the best position to justly decide the question of fact. His decision finds ample support in the evidence. With the aid of the direct observation of the witnesses and their confrontation, he arrived at it painstakingly and with a seeming reluctance and regret born of certain enforcible equitable considerations. Such, to my mind, adds greatly to the truth and integrity of respondent’s proofs. In Boyd v. Boyd (252 N. Y. 422) the observations in the opinion of 0 ’Brien, J., at page 429, are apt here: “ In a case so close as this, let the court of first instance decide. Face to face with living witnesses the original trier of the facts holds the position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his power of observation often proves the most accurate method of ascertaining the truth. # * # How can we say the judge is wrong? We never saw the witnesses. Ho worldling could read the printed lines before us without pausing to reflect that such things as they recount do often happen. To believe that in fact they did happen 8 8 * is not to stamp one as too artless and ingenuous. To the sophistication and sagacity of the trial judge the law confides the duty of appraisal. If these witnesses imposed upon the credulity of an experienced fact finder, this court cannot correct him. His was the opportunity, the responsibility and the power to decide.” (See, also, Danker v. Prudential Ins. Co. of America, 231 App. Div. 869.)
Heefernan, Foster and Lawrence, JJ., concur with Hill, P. J. • Brewster, J., dissents in an opinion.
Decree reversed, on the law and facts, with costs to appellant ; prayer of the petition denied and matter remitted to the Surrogate’s Court for a decree in accordance with the prevailing opinion.